UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

August 15, 2025

LETTER OPINION

Re: HUMANWELL PURACAP PHARMACEUTICALS (WUHAN) CO., LTD., v. APICORE US LLC, *et al.*,
Civil Action No. 24-8938 (ZNQ) (TJB)

Dear Counsel:

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff Humanwell PuraCap Pharmaceuticals (Wuhan) Co., Ltd. ("Plaintiff"). ("Motion," ECF No. 10.) Plaintiff filed a Moving Brief in support of the Motion ("Moving Br.," ECF No. 10-1), a declaration by Wen Jiao, the purchasing supervisor at Plaintiff ("Jiao Decl.," ECF No. 10-2), copies of the purchase contracts and invoices at issue (ECF No. 10-2), and an affidavit by counsel Jing Xia ("Xia Aff.," ECF No. 10-3). After careful consideration of Plaintiff's submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion for Default Judgment.

**I.   BACKGROUND**

The facts in this case are relatively straightforward. Plaintiff entered into two contracts with Apicore US LLC ("Apicore") related to Plaintiff's purchase of 15 kgs of Bexarotene: one contract for 6.5 kgs and another contract for the remaining 8.5 kgs. (Xia Aff. ¶ 2.) Plaintiff paid $248,750.00 for the Bexarotene but never received it. (*Id.* ¶¶ 3, 4.) As a result, on September 3, 2024, Plaintiff commenced the instant civil action, stating claims against Apicore and its subsidiary, RK Pharma Inc. ("Defendants") for: 1) breach of contract for the failure to deliver the 6.5 kgs of Bexarotene; 2) breach of contract for the failure to deliver and ship the 8.5 kgs of Bexarotene; 3) unjust enrichment; 4) promissory estoppel; and 5) money had and received. (*See generally* "Compl.," ECF No. 1.)

On September 6, 2024, Defendants' registered agents were properly served with process as reflected on the docket by the proof of service filed on September 13, 2024. (ECF Nos. 3, 4;

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

1

Xia Aff. ¶ 7.) The time for answering the Complaint expired, and Defendants were not granted an extension of time within which to answer. Defendants have failed to file an answer or otherwise respond to the Complaint.

On October 1, 2024, Plaintiff sought a Clerk's entry of default which they received one day later. (ECF No. 7.) Thereafter, the Court entered a notice of call for dismissal (ECF No. 8) which triggered the filing of the instant Motion for Default Judgment. (ECF No. 10.) On January 31, 2025, Plaintiff filed proof of service of the Motion on Defendants. (ECF No. 11.) To date, Defendants have not responded to Plaintiff's Motion.

## II.  DISCUSSION

### A.  Jurisdiction

The Court has subject matter jurisdiction over the claims in the Complaint pursuant to 28 U.S.C. § 1332. (*See* ECF Nos. 5, 6; *see also* ECF No. 10-2.) Plaintiff is a publicly held Chinese company, Defendants are citizens of Delaware who do business in New Jersey and New York, and Plaintiff seeks damages greater than $75,000. (*See* ECF No. 10-3; *see also* Compl.)

The Court also has specific personal jurisdiction over Defendants because the contracts at issue state that the seller's shipping address is in New Jersey, and therefore Defendants can "anticipate being haled" into court in New Jersey. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Moreover, by doing business in New Jersey, Defendants are purposefully availing themselves of the privileges of the forum state. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Lastly, Plaintiff's contractual injuries arise out of or relate to Defendants' purposeful conduct in New Jersey, and exercising jurisdiction over them does not "offend traditional notions of fair play and substantial justice." *See International Shoe, Co. v. Washington*, 326 U.S. 310, 316 (1945).

### B.  Default Judgment

Rule 55 governs default and default judgment. *See* Fed. R. Civ. P. 55. Pursuant to the Rule, the clerk must enter default against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After an entry of default, a plaintiff may seek default judgment under either Rule 55(b)(1) or Rule 55(b)(2). *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)."). Here, Plaintiff seeks default judgment under Rule 55(b)(2).

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, "entry of default judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 848 (D.N.J. 2008) (citing *Super 8 Motels, Inc. v. Kumar*, Civ. No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008)). In other words, the district court must remain mindful that entry of default "is a sanction of last resort." *Id.*

"In assessing whether the entry of default judgment is warranted, the court utilizes a three-step analysis, under which the Court must determine (1) whether there is sufficient proof of service[;] (2) whether a sufficient cause of action was stated[;] and (3) whether default judgment is proper[.]" *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 599–600 (D.N.J. 2016) (internal quotation marks omitted).

First, as already articulated, the Court finds that there was sufficient proof of service because Plaintiff personally served Defendants via their agents. (ECF Nos. 3, 4; Xia Aff. ¶ 7.)

Second, the Court finds that Plaintiff has stated sufficient causes of action. Plaintiff alleges claims for breach of contract and provides the Court with those contracts. "A consequence of the entry of a default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990) (citation and quotation marks omitted). Plaintiff alleges, among other things, that "Defendants have breached their obligations to [Plaintiff] under the Agreement[s]." (Compl. ¶¶ 52, 58.) Accepting the allegations as true, the Court finds that Plaintiff's allegations establish claims for breach of contract, unjust enrichment, promissory estoppel, and money had and received.

Third, to determine whether granting default judgment is proper, the Court must make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc., v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). Here, Defendants have failed to respond to the Complaint and in the absence of a responsive pleading, there is nothing in the record to indicate that Defendants have any meritorious defenses. Such failure to defend weighs in favor of granting Plaintiff's Motion. *See Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 829 (D.N.J. 2021). Defendants' failure to respond and litigate this action would also leave Plaintiff without a remedy to obtain damages that resulted from Defendants' failure to perform under the contracts. Moreover, Plaintiff has been prejudiced by Defendants' failure to file an answer or otherwise present a defense as it has prevented Plaintiff from moving forward with the instant case and limits their availability to damages which would make them whole under the contracts. *See Trs. of the N.J. B.A.C. Health Fund v. Doran Tatrow Assocs.*, Civ. No. 18-16556, 2020 WL 525922, at *2 (D.N.J. Jan. 31, 2020). Finally, Defendants are culpable because despite Plaintiff having served

Defendants with notice of this action and the Motion, Defendants have continuously failed to participate in this action.

### C. Remedies and Damages

Plaintiff seeks damages. The first contract states the value of the commodity at $100,000.00. (Jiao Decl. ¶ 1; ECF No. 10-2.) The second contract states the value of the commodity at $148,750.00. (*Id.* ¶ 4.) Plaintiff thus seeks damages in the amount of $248,750.00[2] in connection with Defendants' breaches. The Court agrees that Plaintiff is entitled to $248,750.00 for Defendants' breaches.

Plaintiff also seeks costs in the amount of $877.14 and pre- and post-judgment interest at a "rate deemed appropriate by the Court." (Moving Br. at 15.) New Jersey law dictates that "[t]he allowance of pre-judgment interest is a matter of discretion for the trial court." *Michael E. Panebianco ACC Fam. Tr. v. Vet Cellect, LLC*, Civ. No. 23-01943, 2025 WL 1284647, at *3 (D.N.J. May 2, 2025) (quoting *Cnty. of Essex v. First Union Nat. Bank*, 891 A.2d 600, 608 (N.J. 2006)); *see also United States for Use of Co. Custom Rock Corp. v. G&C Fab-Con, LLC*, Civ. No. 20-02968, 2024 WL 4356306, at *12 (D.N.J. Oct. 1, 2024) ("Because pre-judgment interest is a procedural question of law and no federal law or rule governs the issue, the law of the forum—New Jersey law—applies here."). Similarly, the Court has discretion to determine "the rate at which pre-judgment interest is calculated." *Amba v. Rupari Food Servs., Inc.*, Civ. No. 10-4603, 2016 WL 6471019, at *3 (D.N.J. Oct. 31, 2016). Here, because Plaintiff has been denied the benefit of its bargain, the Court finds that pre-judgment interest is appropriate.

New Jersey does not have a statutory rate for pre-judgment interest in a contract action, nor do the parties in this case agree to a rate in the contracts. Therefore, "the award of pre-judgment interest on contract . . . claims is based on equitable principles." *Litton Indus., Inc. v. IMO Indus., Inc.*, 982 A.2d 420, 430 (N.J. 2009) (quoting *First Union Nat'l Bank*, 891 A.2d at 608). Awards of pre-judgment interest tend to "bear simple interest." *Promotion in Motion, Inc. v. Beech-Nut Nutrition Corp.*, Civ. No. 09-1228, 2012 WL 5045135, at *3 (D.N.J. Oct 17, 2012) (internal citation omitted). Such interest can be calculated using the interest rates specified in New Jersey Court Rule 4:42–11(a)(ii) and (iii). *Sandoz Inc. v. United Theraputics Corp.*, Civ. No. 19-10170, 2024 WL 4800724, at *1 n.2 (D.N.J. Nov. 1, 2024). The Court awards pre-judgment interest on the parties' damages award ($248,750.00) as set forth in the table below:

---

[2] Plaintiff's Motion, including the proposed order and Complaint, seeks $245,750.00, but the damages as set forth in the contracts total $248,750.00. Counsel attests in her affidavit that the total payments made by Plaintiff in connection with the contracts were $248,750.00, the correct amount. (Xia Aff. ¶ 3.) Accordingly, the Court understands $248,750.00 to be the proper amount and attributes the incorrect number to a scrivener's error.

4

| From | To | Days | Rate | Interest Award |
|---|---|---|---|---|
| 11/1/2022 | 12/31/2022 | 62/365[3] | 2.25% | $951.47 |
| 1/1/2023 | 12/31/2023 | 365 | 2.25% | $5,596.88 |
| 1/1/2024 | 12/31/2024 | 365 | 3.50% | $8,706.25 |
| 1/1/2025 | 08/15/2025 | 226/365 | 5.50% | $8,471.13 |
| TOTAL | | | | $23,725.73 |

Accordingly, the total amount of pre-judgment interest equals $23,725.73.

Post-judgment interest is governed by federal law. 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Post-judgment interest is thus mandatory. *See Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993). Post-judgment interest is calculated beginning on the day a money judgment is entered. 28 U.S.C. § 1961(a); *see Dunn*, 13 F.3d at 60. To count as a "money judgment," a judgment must include: "(1) an identification of the parties for and against whom judgment is being entered; and (2) a definite and certain designation of the amount which plaintiff is owed by defendant." *Eaves v. Cnty. of Cape May*, 239 F.3d 527, 533 (3d Cir. 2001) (emphasis removed) (quoting *Penn Terra Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 275 (3d Cir. 1984)). The "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961. Here, the Court finds it appropriate to award post-judgment interest pursuant to 28 U.S.C. § 1961.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be **GRANTED**. An Order of Judgment will be entered separately pursuant to Rule 58 in favor of Plaintiff and against Defendants in the amount of **$273,352.87**, subject to post-judgment interest, as follows:

- $248,750.00 in damages;
- $877.14 in costs;
- $23,725.73 in pre-judgment interest.

---

[3] For 2022, pre-judgment interest runs from November 1, 2022, which was the day Plaintiff first paid Defendants.

      Lastly, Plaintiff advised in its Motion that it also intends to file a motion for attorneys' fees. If Plaintiff wishes to do so, it shall file such motion, including any request to amend the judgment, by no later than September 12, 2025, to be made returnable October 6, 2025.

      **IT IS SO ORDERED**.

                                                        s/ Zahid N. Quraishi
                                                    **ZAHID N. QURAISHI**
                                                    **UNITED STATES DISTRICT JUDGE**